IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC AKIL CARTER          :
                          :
    v.                    :   Civil Action No. DKC 13-2384
                          :
MONTGOMERY COUNTY RECREATION
    DEPARTMENT, et al.    :

**MEMORANDUM OPINION**

Presently pending and ready for review in this employment discrimination case are numerous motions: a motion to remand filed by *pro se* Plaintiff Eric Akil Carter (ECF No. 53);[1] a motion to dismiss filed by Defendants Montgomery County Recreation Department and Montgomery County, Maryland (ECF No. 40); a motion to dismiss Plaintiff's Fifth Amended Complaint and strike subsequent amendments (ECF No. 51); a motion to strike Plaintiff's Seventh Amended Complaint filed by Defendants (ECF No. 61); and a motion to strike Plaintiff's surreply filed by Defendants (ECF No. 65). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendants' motion to strike Plaintiff's Sixth and Seventh Amended Complaints and Plaintiff's surreply will be granted. Plaintiff's Fifth Amended Complaint filed September 4, 2013 will be deemed the operative

---

[1] Plaintiff titles this filing "Motion to Remove for Jurisdiction & Venue Change."

complaint. Plaintiff's motion to remand will be granted and the case will be remanded to the Circuit Court for Montgomery County, Maryland. Defendants' motions to dismiss will be denied as moot.

**I. Background**

Plaintiff Eric Akil Carter – a citizen of Maryland - was an employee of the Montgomery County Department of Recreation ("Recreation Department"), a department of the government of Montgomery County, Maryland ("County").[2] Plaintiff was employed as an Assistant Manager for the Recreation Department's public pools. His employment began in December, 2007 and he spent time working at multiple aquatic facilities run by the Recreation Department. (*See* ECF No. 49, Plaintiff's Fifth Amended Complaint).

On April 3, 2013, Plaintiff filed a lawsuit in the Circuit Court for Montgomery County, Maryland. (ECF No. 2). The lawsuit claimed violations of Title VII of the Civil Rights Act of 1964, specifically discrimination based on color, and also alleged torts of conspiracy and defamation. Plaintiff named the County and the Recreation Department as Defendants, along with

---

[2] The parties dispute the correct name of Recreation Department, with Defendants insisting it is "Montgomery County Department of Recreation." Plaintiff vehemently argues otherwise; that in fact the correct name is "Montgomery County Recreation Department." The disagreement appears to be purely semantic and is immaterial for the disposition of the motions.

2

seven individuals who were Plaintiff's supervisors. Between April 30, 2013 and July 5, 2013, Plaintiff amended his complaint four times, expanding his claims to include libel and slander, negligence, retaliation in violation of Title VII, and hostile work environment, while dropping the individual employees as defendants. (ECF Nos. 6, 8, and 10). Defendant County was served with Plaintiff's Third Amended Complaint on July 16, 2013. On August 15, 2013, the Defendants filed a notice of removal with this court, premised on federal question jurisdiction under Sections 1331 and 1441 of title 28 of the United States Code. (ECF No. 32).

On August 22, 2013, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Recreation Department was not an independent entity subject to suit; Plaintiff has failed to exhaust his administrative remedies for his Title VII claims; Plaintiff's claims of libel and slander are time-barred; Plaintiff has not complied with the Local Government Tort Claims Act; and, in any event, Plaintiff has failed to state a single cognizable claim. (ECF No. 40). On August 26, 2013, Plaintiff filed what he deemed a "rough draft" of his Fifth Amended Complaint. This "rough draft" was considerably shorter than his previous amended complaints, but appeared to replace his previously federal law-based discrimination claims with

3

analogous violations of the Montgomery County Code. (ECF No. 45). Later, on September 4, 2013, Plaintiff filed the final version of his Fifth Amendment Complaint, in which his discrimination claims were based on violations of Montgomery County Code sections 27-19 and 27-20.[3] He also dropped his libel and slander claim, replacing it with harassment based on skin color in violation of Montgomery County discrimination laws. (ECF No. 49). Two days later, Plaintiff filed his Sixth Amended Complaint, which maintained the same claims sounding in state law. (ECF No. 50). On September 9, 2013, Defendants filed a motion to strike the final version of Plaintiff's Fifth Amended Complaint and, arguing that the "rough draft" was the operative complaint, moved to dismiss. (ECF No. 51). On the same day, Plaintiff filed a motion to remand to state court. (ECF No. 53). Defendants opposed this motion on September 26, 2013 (ECF No. 58), and Plaintiff replied on October 17, 2013 (ECF No. 63).

Plaintiff continued to file amendments to his complaint. He filed the most recent amendment to his complaint – his seventh version – on October 4, 2013. In this most recent version, all of his claims are for violations of Montgomery County Code and some are also for violations of Title VII. (ECF

---

[3] State law permits an individual who is subject to a discriminatory act in violation of the Montgomery County Code to bring a civil action in the appropriate Maryland circuit court. Md. Code Ann., State Gov't § 20-1202.

No. 60). Defendants filed a motion to strike this complaint. (ECF No. 61). Finally, on October 17, 2013, Plaintiff filed a surreply to his opposition to Defendants' August 22, 2013 motion to dismiss. (ECF No. 64). Defendants moved to strike this filing as well. (ECF No. 65).

## II. Analysis

### A. Motions to Strike

The Federal Rules of Civil Procedure provide that a party may amend his complaint as a matter of course within 21 days of serving it or within 21 days of a responsive pleading or Rule 12(b) motion. Fed.R.Civ.P. 15(a)(1). Once the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Leave is not difficult to obtain: the court will freely give it "when justice so requires." *Id.* Denial of leave to amend should occur "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986). Rule 15, thus, reflects "the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) (en banc). Determinations of futility under Rule 15(a) are governed by the

standard for motions to dismiss. *Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 403 F.Supp.2d 451, 459 (D.Md. 2005). The Local Rules impose additional requirements. Local Rule 103.6(c) requires a party filing an amended pleading to provide a version with the changes from the prior version identified, and Local Rule 103.6(d) requires counsel to attempt to obtain the consent of opposing counsel prior to filing an amended pleading.

Defendants argue that Plaintiff's sixth and seventh amended complaints, and his surreply, should be stricken because he has failed to obtain Defendants' consent and did not the court's leave to amend. Additionally, he has failed to provide a version of these amendments with the changes indicated. Finally, Defendants argue that there is no such thing as a "rough draft" amended complaint. Plaintiff's "rough draft" Fifth Amendment Complaint is its own complaint, which constituted his one amendment as of right. The subsequent "final draft" filed on September 4, 2013 - while also titled "Fifth Amendment Complaint" - was in fact a separate document now subject to the requirements of Rule 15(a)(2), namely the requirement to obtain Defendants' consent or the court's leave. Because Plaintiff did not seek such leave, the two-page "rough draft" is the operative pleading and should be dismissed for failure to state a claim.

Defendants' arguments concerning the effect of the "rough

6

draft" of Plaintiff's Fifth Amendment complaint are unconvincing and the final, September 4, 2013 version of Plaintiff's Fifth Amended Complaint will be deemed Plaintiff's amendment as of right pursuant to Rule 15(a)(1). While the filing of a "rough draft" pleading is unusual and not contemplated by the rules, certain allowance should be made given that the Plaintiff is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). The final version of the Fifth Amended Complaint was filed well before the close of the 21 day period, and there was no prejudice to Defendants, as they had filed nothing relying on the "rough draft" as the operative pleading before the final version was submitted.

Plaintiff's sixth and seventh versions, however, are not filed as of right, and must satisfy Rule 15(a)(2). Plaintiff did not formally seek leave from the court, nor did he seek Defendants' consent prior to filing. The court will treat these amended complaints as motions to amend and deny the motions. Rule 15 encourages leniency, a value especially salient when the filer is *pro se*. But Plaintiff has demonstrated himself to be a serial amender, who failed to conform with the Local Rules in his Seventh Amended Complaint even after being informed of them through Defendants' motion to strike his Sixth Amended

7

Complaint. Allowing Plaintiff to file further amendments would be prejudicial given that Defendants have filed a motion to dismiss.

Additionally, Plaintiff's Seventh Amendment Complaint would be futile as he now claims that Defendants violated Montgomery County Code and Title VII. A claimant asserting a cause of action under Title VII must timely file suit within ninety days of receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The United States Court of Appeals for the Fourth Circuit has held that the 90-day filing deadline is to be strictly enforced. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987). Courts in this district have consistently followed the Fourth Circuit's instructions, even where plaintiff is *pro se*. *See Terrell v. Injured Workers Ins. Fund*, No. RDB-11-330, 2012 WL 3144484, at *3 (D.Md. July 31, 2012) (collecting cases). Plaintiff's right to sue letter was mailed on April 30, 2012. (ECF No. 52-8). Plaintiff acknowledges that he received this right to sue letter and that he "filed a suit similar to this suit back in summer 2012." (ECF No. 52-1, at 5). The earlier suit was dismissed without prejudice by the circuit court on January 11, 2013. (ECF No. 52-9). To the extent that Plaintiff argues that the filing of the first lawsuit tolled the 90-day time limit, his argument is unpersuasive, as "the general rule [is] that a Title VII

complaint that has been filed but then dismissed without prejudice does not toll the 90-day limitations period." *Angles v. Dollar Tree Stores, Inc.*, 494 F.App'x 326, 329 (4th Cir. 2012); *see also O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (same); *Chico-Velez v. Roche Prods., Inc.*, 139 F.3d 56, 59 (1st Cir. 1998) (same); *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (same). This suit was filed in circuit court on April 3, 2013, well outside the 90 day window, even allowing for substandard mail delivery.[4] While lawsuits against private employers under Title VII are subject to equitable tolling, *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982), it is a narrow exception to the statute of limitations and applies "where a defendant, by active deception, conceals a cause of action," *Lekas v. United Airlines, Inc.*, 282 F.3d 296, 301 (4th Cir. 2002). The record contains no evidence of such deception. Therefore, Plaintiff's Seventh Amended Complaint would be futile and provides an additional reason to grant Defendants' motion to strike.

Finally, Plaintiff filed a surreply to his opposition to Defendants' motion to dismiss. (ECF No. 64). "Unless otherwise ordered by the Court, surreply memoranda are not permitted to be

---

[4] When the date of receipt is unknown or in dispute, the Fourth Circuit applies the presumption in Rule 6(e) that service is received within three days. *See, e.g., Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) (table decision).

9

filed." Local Rule 105.2(a). Plaintiff's surreply will be construed as a motion for leave to file and will be denied and stricken as the matters addressed in the reply are not new. In any event, Defendants' motion to dismiss is being denied as moot, obviating any need for a surreply.

   B.   **Motion to Remand**

It is well-settled that the removing party bears the burden of proving proper removal. *Greer v. Crown Title Corp.*, 216 F.Supp.2d 519 (D.Md. 2002) (*citing Mulchaey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md. 1997); *see also Mulchaey*, 29 F.3d at 151.

This case was originally filed in state court and subsequently removed by Defendants. Under 28 U.S.C. § 1441(a), a defendant may remove a case filed in state court if the federal courts would have original jurisdiction over the case. "The removability of a case depends upon the state of the pleadings and the record at the time of the application for removal." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quotations and citations omitted). Defendants removed this case from state court when the operative complaint was the Fourth Amended Complaint, which brought claims under

federal Title VII and state common law. (ECF No. 19). Therefore, removal was proper as the federal courts have original jurisdiction over the Title VII claims pursuant to federal question jurisdiction, 28 U.S.C. § 1331, and jurisdiction over the state law claims pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, as those claims arise out of the same set of operative facts. *See White v. City of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993).[5]

Following proper removal, Plaintiff amended his complaint to drop all of his federal Title VII claims and replace them with violations of Montgomery County Code. Once the claim over which this court has original jurisdiction has been eliminated, the court has discretion to remand the remaining claims, over which it has supplemental jurisdiction, to the state court. *See* 28 U.S.C. § 1367(c)(3); *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001).[6] Indeed, district courts in the Fourth Circuit "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Factors to be considered include the

---

[5] Defendants also satisfied the timeliness and consent requirements of the removal statute. 28 U.S.C. § 1446.

[6] Federal court jurisdiction could not lie in diversity, 31 U.S.C. § 1332, because both Plaintiff and Defendants are citizens of Maryland.

11

"convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* (*citing Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1998)).

Considering that this case is still in its early stages, it is appropriate to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Instead, those claims will be remanded to the Circuit Court for Montgomery County, Maryland, for further consideration.[7]

---

[7] Defendants' appeal to the doctrine of complete preemption is a red herring as the correct analysis is whether removal was proper at the time of removal and then, once the federal claims are extinguished, whether the federal court should elect to exercise supplemental jurisdiction over the remaining state law claims.

In any event, the argument that Title VII completely preempts a similar state or local discrimination law such that any state or local claim is in fact a federal claim is completely unconvincing. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 48-49 (1974) ("the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes. The clear inference is that Title VII was designed to supplement rather than supplant, existing laws and institutions relating to employment discrimination."); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) ("That the same facts could have been the basis for a Title VII claim does not make Rains' [state law] claim into a federal cause of action. [Plaintiff] chose to bring a state claim rather than a Title VII claim, and was entitled to do so."); *Pendergraph v. Crown Honda-Volvo, LLC*, 104 F.Supp.2d 586, 589 (M.D.N.C. 1999) ("the fact that state law independently espouses the same public policy established by Title VII does not transform Plaintiff's state law claims into federal causes of action."); *Mathews v. Anderson*, 826 F.Supp. 479, 480 n.2 (M.D.Ga. 1993) (refusing to construe defendant's

12

**III. Conclusion**

For the foregoing reasons, the motion to strike Plaintiff's Fifth Amended Complaint filed by Defendants will be denied. The motions to strike Plaintiff's Sixth and Seventh Amended Complaints and Plaintiff's surreply filed by Defendants will be granted. The motion to remand filed by Plaintiff will be granted and the case shall be remanded to the Circuit Court for Montgomery County, Maryland. The motions to dismiss filed by Defendants will be denied as moot. A separate order will follow.

                                                        /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge

---

argument that Title VII completely preempts state laws because "such an assertion would be meritless.").